NO. 07-08-0363-CR
NO. 07-08-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 5, 2009
_____

DONALD ELIJAH MATTHEWS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NOS. 57,858-A and 57,859-A; HON. HAL MINER, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant appeals from his conviction for violation of a protective order and arson of a habitation. The clerk's record in each case was filed on February 20, 2009, and the reporter's record on April 30, 2009. Appellant's brief in each case was due on June 1, 2009. On June 2, 2009, appellant filed motions for extension of time to file the briefs. It was granted, and the deadline was extended to July 1, 2009. On July 2, 2009, appellant

filed second motions to extend the time to file appellant's briefs, which were granted to July 22, 2009, with the admonition that "[n]o further extensions will be granted" and "[f]ailure to comply with this deadline will result in the appeals being abated and the causes remanded to the trial court for further proceedings." To date, no brief has been filed.

Consequently, we abate the appeals and remand the causes to the 47th District Court (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant is indigent;

2.    whether appellant desires to prosecute the appeals;

3.    whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate briefs. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeals, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeals. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record in each case containing the findings of fact and conclusions of law and 2) a reporter's record in each case transcribing the evidence and

2

argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's records to be filed with the clerk of this court on or before September 4, 2009. Should additional time be needed to perform these tasks, the trial court may request same on or before September 4, 2009.

It is so ordered.


Per Curiam

Do not publish.